# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| DAVID J. THOMAS, | * | Chapter 7 |
|     Debtor | * | |
| | * | |
| SARAH COLEY, | * | |
|     Plaintiff | * | Case No.: 1-12-bk-07143-MDF |
| | * | |
|     v. | * | Adversary No.: 1-13-ap-00118-MDF |
| | * | |
| | * | |
| DAVID J. THOMAS, | * | |
|     Defendant | * | |

## OPINION

Before me is the motion of David J. Thomas ("Debtor") to dismiss a nondischargeability complaint filed by Sarah Coley ("Coley") on the basis that the complaint was untimely filed. For the reasons that follow, the motion will be denied.

### I. Background

On December 13, 2012, Debtor commenced the within Chapter 7 case by filing a petition without supporting schedules along with a mailing matrix including a partial list of creditors. The clerk's office sent to parties listed on the matrix a notice setting the date and time for the meeting of creditors under 11 U.S.C. §341(a) and establishing March 29, 2013 as the bar date for objecting to Debtor's discharge or for challenging the dischargeability of particular debts.

On January 17, 2012, Debtor filed the schedules and statements necessary to complete the petition. He listed an unsecured debt owed to Coley in the amount of $38,075 described as a "Settlement Agreement and Release of all Claims." Coley asserts in the complaint that the

agreement provided for the payment of damages asserted by Coley against Debtor following an altercation involving the parties in Nassau County, Florida.

Creditors not included on the original mailing matrix were not served with notice of the filing of the bankruptcy case. Coley was among creditors excluded from the original matrix. She asserts she did not receive formal notice that Debtor had filed his bankruptcy case until April 30, 2013.

Debtor asserts that Coley had actual knowledge of his bankruptcy filing before the March 29 bar date based upon text messages exchanged by the parties on March 1, 2013.[1] In the messages, Coley asked Debtor to identify his bankruptcy counsel and Debtor provided his attorney's name.[2] Debtor did not explicitly state in his text messages to Coley that he had filed a bankruptcy petition.

On May 17, 2013, Coley filed the above-captioned adversary complaint requesting the Court to find that under 11 U.S.C. § 523(c)(1) Coley's claim against Debtor was nondischargeable under 11 U.S.C. § 523(a)(6). On June 4, 2013, Debtor moved to dismiss the

---

[1]Copies of text messaging images between Debtor and Coley were submitted into the record as an exhibit to Debtor's motion to dismiss. In her answer to the motion to dismiss, Coley admits that the text message exchange she had with Debtor occurred as shown on the exhibit. Therefore, for purposes of deciding the motion to dismiss, I will consider the text messages exchanged between Debtor and Coley on March 1, 2013 in ruling on Debtor's motion. Debtor also attached copies of text messages exchanged between him and Coley's mother. Coley argues that these messages are not relevant to this matter and does not admit that the copies are a true and accurate rendition of their communication. The exchange between Coley's mother and Debtor will not be considered in deciding this matter because the text messages between these parties are disputed and have not been admitted into evidence.

[2]Only one page of text messages between Debtor and Coley was attached to Debtor's motion. No preceding context for Coley's question, "who is your bankruptcy lawyer?" was submitted for consideration.

2

complaint under Rule 7012 of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P.")

on the grounds that the complaint was untimely under Fed. R. Bankr. P. 4007(c). On June 24,

2013, Coley filed an answer to the motion. The matter is ready for decision.[3]

## II. Discussion

A complaint to determine the dischargeability of a debt under § 523(c) must be filed

within sixty days after the first date set for the meeting of creditors. Fed. R. Bankr. P. 4007(c).

The deadline may be extended by the bankruptcy court for cause only if the motion for extension

is filed before the initial deadline has expired. *Id.* The time in which to file a complaint under

§ 523(c) may not be enlarged unless the request for additional time is filed before the bar date has

expired. Fed. R. Bankr. P. 9006(b)(3). Therefore, if Coley's complaint could be considered only

under § 523(a)(6), the Court would have to dismiss the complaint as untimely.

Creditors who have not had an opportunity to file a complaint because they were unaware

of the bankruptcy filing, however, still have a remedy. A debt arising under § 523(a)(2), (4), or

(6) that is not listed or scheduled may be excepted from discharge under § 523(a)(3) if there was

insufficient time for the creditor to request a determination of nondischargeability before the bar

date expired unless "the creditor had notice or actual knowledge of the case in time for such

timely filing and request." 11 U.S.C. § 523(a)(3)(B).

Debtor moves to dismiss Coley's complaint under Fed. R. Bankr. P. 7012. Rule 7012(b)

incorporates the provisions of Fed. R. Civ. P. 12(b), which provides that certain defenses may be

asserted by motion. Although Debtor does not set forth the specific provision upon which he

---

[3]I have jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant
to 28 U.S.C. §157(b)(2)(L). This Opinion and Order constitutes findings of fact and conclusions
of law made pursuant to Fed. R. Bankr. P. 7052.

3

relies, the Court assumes that the motion is being brought under Fed. R. Civ. P. 12(b)(6). Under

Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which

relief can be granted." In deciding a motion to dismiss under Rule 12(b)(6), a court must treat

the facts alleged in the complaint as true, construe the complaint in the light most favorable to the

non-moving party, draw all reasonable inferences in favor of the non-moving party, and ask

whether, under any reasonable reading of the complaint, the non-moving party may be entitled to

relief. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).

In order to "survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

However, "the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S.

at 555).

When presented with a motion to dismiss, a trial court must conduct a two-step process to

determine whether relief should be granted under Rule 12(b)(6). The court must first separate

factual and legal issues while assuming that well-pleaded factual allegations are true and

disregarding legal conclusions. *Fowler,* 578 F.3d at 210-11 (citing *Iqbal*, 556 U.S. at 678).

Second, examining the factual allegations alone, the court must then determine whether those

allegations give rise to a plausible claim for relief. *Fowler,* 578 F.3d at 211 (citing *Iqbal*, 556

U.S. at 679).

The issue before me is whether Coley's complaint fits within the parameters of

§ 523(a)(3). Did Coley have notice or actual knowledge of the filing of Debtor's petition in time

to file a complaint to except her claim from discharge before the March 29 bar date?[4] The parties

do not dispute that Coley did not receive formal notice of the deadline because Coley was not

included in the mailing matrix used by the clerk's office to provide notice to creditors of relevant

deadlines under Fed. R. Bankr. P. 2002(f)(5).[5] However, Debtor contends that Coley had actual

knowledge of his bankruptcy filing by virtue of text messages Coley admits she exchanged with

Debtor on March 1, 2013.[6] The relevant portion of the text message exchange is as follows:

Coley asked, "who is your bankruptcy lawyer[?]"

Debtor responded, "My bankruptcy attorney is Craig Diehl. [I] sent [your] mother his

information and phone number. Do [you] need it again[?]"

Debtor argues that this exchange between the parties was sufficient to provide Coley with

actual knowledge of the bankruptcy filing.

The term "actual knowledge" is not defined in the Bankruptcy Code. It has been defined as

"[p]ositive, in contrast to imputed or inferred, knowledge of a fact. For notice purposes, 'actual

---

[4]The motion to dismiss alleges that Coley's complaint was untimely, but does not assert that she otherwise has failed to state a claim under § 523(a)(6) as required by § 523(a)(3)(B).

[5]Fed. R. Bankr. P. 2002(f)(5) requires notice to be sent to all creditors of the deadline for filing complaints under § 523.

[6]Under Fed. R. Civ. P. 12(d), "if matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56, [and] all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." In the case before me, the text messages between Debtor and Coley attached as an exhibit to the motion to dismiss would ordinarily be considered "matter outside the pleadings." See *Clark v. Allstate Ins. Co.*, Civil Action No. 13-0271, 2013 WL 1905147, at *5, n.1 (E.D. Pa. May 7, 2013) (exhibit to motion to dismiss is a matter outside the pleadings). However, Coley admitted that the copy of her text messages with Debtor was accurate, thus effectively bringing the contents of the messages within the pleadings. *See In re Firstline Security, Inc.*, 415 BR. 553, 556 n.10 (Bankr. D. Utah 2009) (court's consideration of exhibits attached to complaint did not require court to invoke Fed. R. Civ. P. 12(d) since the contents of the attachments were also referenced in the pleadings.)

knowledge' embraces those things of which the one sought to be charged has express information and those things which a reasonably diligent inquiry and exercise of the means of information at hand would have disclosed." Black's Law Dictionary 873 (6th ed.1994) *quoted in In re Robbins*, 05-37659, 2007 WL 1174334, at *5 (Bankr. E.D. Tenn. Apr. 19, 2007). This definition suggests that a creditor may have actual knowledge of the filing of a bankruptcy case even when the creditor has not received formal notification from the bankruptcy court. *In re Clayton*, 235 B.R. 801, 808 (Bankr. M.D.N.C. 1998) (citing *In re Bragg,* 56 B.R. 46, 49 (Bankr. M.D. Ala. 1985)). "[W]here a creditor receives any notice that its debtor has initiated bankruptcy proceedings, it is under constructive or inquiry notice that its claim may be affected, and ignores the proceedings to which the notice refers at its peril." *Grossie v. Sam (In re Sam),* 94 B.R. 893, 897 (Bankr. W.D. La.1988), *aff'd,* 894 F.2d 778 (5th Cir.1990) *quoted in In re Gold*, 375 B.R. 316, 327-28 (Bankr. N.D. Tex. 2007).

Although a creditor has a duty to make further inquiry concerning various filing deadlines after learning that a debtor has filed a bankruptcy petition, the burden of proof is on the debtor to demonstrate that the creditor had notice or actual knowledge of bankruptcy proceeding prior to the bar date. *In re Main*, 157 B.R. 786, 788 (Bankr. W.D. Pa. 1992); *In re Stratton*, 29 B.R. 93, 95 (Bankr. W.D. Ky. 1983).

In the matter before me, Debtor argues that he has met his burden of proof that Coley had actual knowledge of the bankruptcy filing in time to file an objection to discharge and, thus, she is not entitled to invoke the provisions of § 523(a)(3). He asserts that the above-quoted text messages establish that as of March 1, 2013, Coley was aware that Debtor had filed his bankruptcy petition. Once she was aware of the petition, he argues, she should have made further inquiry through which she would have learned of the March 29 deadline for filing a

6

nondischargeability complaint under §523(a)(6). Coley responds that the email exchange did not inform her that a bankruptcy petition had been filed – only that Debtor had retained bankruptcy counsel. Coley's point is well-taken; Debtor makes no reference to a bankruptcy case being filed or the court in which the case was filed.

Coley's knowledge that Debtor was contemplating bankruptcy and was consulting with a bankruptcy attorney is not sufficient for the Court to conclude that Coley had actual knowledge of the bankruptcy filing. *See In re Bosse*, 122 B.R. 410, 412 (Bankr. C.D. Cal. 1990) (telephone conversation where debtor advised creditor that he intended to file bankruptcy not sufficient to bar nondischargeability complaint).

As discussed in *In re Stradinger*, actual knowledge "is more than the knowledge which might result from a casual reference to a bankruptcy in an offhand manner during a conversation attendant upon a chance meeting. It means knowledge of facts at least sufficient to apprise the creditor that a proceeding is actually commenced and where that proceeding is pending." *In re Stradinger*, Bankruptcy No. 05-65113-7, Adversary No. 07-00024, 2007 WL 2319812, at *7 (Bankr. D. Mont. August 9, 2007) (citations and internal quotations omitted); *In re Stratton*, 29 B.R. at 95.

In the matter before me, Debtor has established that on March 1, 2013 Coley knew that Debtor had retained bankruptcy counsel. He has not established, however, that she knew he had filed a bankruptcy case. Therefore, not having possessed actual knowledge of Debtor's bankruptcy filing, Coley has alleged sufficient facts to state a claim under § 523(a)(3). Accordingly, Debtor's motion to dismiss will be denied.

7

An appropriate Order follows.

**By the Court,**

Chief Bankruptcy Judge

Date:  July 3, 2013